Robert Farris-Olsen
Morrison, Sherwood Wilson & Deola, PLLP
401 North Last Chance Gulch
P.O. Box 557, Helena, Montana 59624-0557
Helena, MT 59601
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorneys for Plaintiffs*

# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ERICK M. ALSAGER and CRYSTAL L. ALSAGER<br><br>Plaintiffs<br><br>v.<br><br>CHERYL HANNANT, and INTERSTATE COUNSELING SERVICE, INC.,<br><br>Defendant. | Cause No.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Comes now, Plaintiffs Erick and Crystal Alsager, and for their complaint against Cheryl Hannant and Interstate Counseling Service, Inc. (collectively "ICS")

# PARTIES

1. Plaintiffs, Erick and Crystal Alsager, are individuals residing in Great Falls, Cascade County, Montana.

2. Defendant Cheryl Hannant, on information and belief, is an individual living and residing in Cascade County, Montana.

3. Defendant Interstate Counseling Service is a debt collection agency, with its principal place of business in Great Falls, Cascade County, Montana.

## VENUE AND JURISDICTION

4. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendant is also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

5. Venue is proper in the Great Falls Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiffs reside in, and Defendants do business in the Great Falls Division.

## FACTS

6. On or about December 14, 2017, Cheryl Hannant, an employee of Interstate Counseling Service contacted Ms. Alsager's friend, Brandi Dozier-Monks via a Facebook message.

7. In the message, Ms. Hannant stated "Brandi do you know where Crystal and Erick Alsager work". Ms. Hannant did not state that she was confirming or correcting location information.

8. In the initial Facebook message, Ms. Hannant did not state she worked for a debt collector, and Ms. Dozier-Monks did not request the information.

9. Subsequently, Ms. Alsager contacted Ms. Hannant inquiring about her contact with Ms. Dozier-Monks, again via Facebook. Ms. Hannant did not respond.

10. Rather, Ms. Hannant again contacted Ms. Dozier-Monks and engaged in the following conversation:

embarrassment.

Alsager, the Plaintiffs suffered actual damages. Those damages include, but are not limited to, lost time, emotional distress, loss of quality of life, and

and Ms. Dozier-Monks subsequent conversations about the debt with Ms.

12.     Due to Ms. Hannant's conversations with Ms. Dozier-Monks,

Hannant identified herself as a debt collector.

request that Ms. Hannant identify her employer or occupation. Yet, Ms.

11.     As is clear from the conversations, Ms. Dozier-Monks did not



## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

13. The preceding paragraphs are realleged as though set forth in full hereunder.

14. Plaintiffs are "consumers" pursuant to 15 U.S.C. § 1692a.

15. Defendants are "debt collectors" pursuant to 15 U.S.C. § 1692a.

16. Defendants were attempting to collect a debt pursuant to 15 U.S.C. § 1692a.

17. Defendants violations of the FDCPA include but are not limited to:

   a. Communicating with a third-party (Brandi Dozier-Monks) without stating that it was confirming or correcting location information regarding the Alsagers in violation of 15 U.S.C. § 1692c(b) and 1692b(1);

   b. Communicating with a third-party (Brandi Dozier-Monks) and identifying that they were a debt collector without a specific request to do so in violation of 15 U.S.C. § 1692c(b) and 1692b(1);

   c. Communicating with a third-party (Brandi Dozier-Monks) more than once without reasonably believing that the earlier response was erroneous or incomplete and that Ms. Dozier-Monks had new information of 15 U.S.C. § 1692c(b) and 1692b(3);

    d. Communicating with a third-party (Brandi Dozier-Monks) and identifying that the Alsagers owed a debt in violation of 15 U.S.C. § 1692c(b) and 1692b(2); and,

    e. Communicating with a third-party (Brandi Dozier-Monks) about the Aslagers' debt without the Alsagers' consent in violation of 15 U.S.C. § 1692c(b);

18. As a result of these actions, ICS is liable for actual and statutory damages, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT II – MONTANA CONSUMER PROTECTION ACT

19. The preceding paragraphs are realleged as though set forth in full hereunder.

20. Plaintiffs are "consumers" under the MCPA.

21. Defendants were engaged in "trade or commerce."

22. Defendants acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, the allegations at ¶ 13, above.

23. As a result of Defendants' actions, Plaintiffs suffered an ascertainable loss of money or property – including lost time, and have suffered mental anguish and emotional distress.

24. Defendants liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees pursuant to § 30-14-133, MCA.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for the following relief:

1. For actual damages, and statutory damages of $1,000 per Plaintiff, pursuant to 15 U.S.C. 1692k and § 30-14-133, MCA;

2. For attorney's fees and costs, pursuant to 15 U.S.C. § 1692k, and § 30-14-133, MCA.

3. For treble damages pursuant to § 30-14-133, MCA.

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

Dated this 30th day of November 2018

MORRISON, SHERWOOD, WILSON & DEOLA

By: ___/s/ Robert Farris-Olsen___
Robert Farris-Olsen
*Attorney for Plaintiffs*